OPINION

This case concerns an appeal of a small claims judgment. The Court affirms the District Court’s decision.
I
Appellant filed a small claims action on October 24, 2006 seeking repayment of loans in the amount of $1,000 from Appel-lee. A hearing was held on November 28, 2006 and judgment was entered against Appellee in the amount of $544.25. Immediately after the hearing, Appellant filed a motion for reconsideration asking that her judgment be increased to $754.25. On December 20, 2006 the District Court issued a written judgment against defendant in the amount $544.25 explaining its reasons. Thereafter the District Court, upon a motion for expedited ruling, considered and denied Appellant’s motion for reconsideration on January 19, 2007. Appellant then filed this appeal on February 20, 2007. Appellee did not file a response brief. This decision now follows.[1]
II
Appellant sought reconsideration of her small claims judgment because she was not *361 awarded a $200.00 claim for her alleged loan to Appellee for his trip to Canada. The District Court, in its order denying reconsideration, was clear that the court’s decision was based on an enumerated list of debts provided by Appellant herself in open court. The District Court explained that the $200.00 claim was not listed and Appellee therefore was not given the opportunity to respond to the claim. On appeal, Appellant seeks an increase of $200.00 plus a full award of $360 for what she spent on hay for Appellee (even if she did not have receipts) and interest that she claims should be applied to the amounts owed by Appellee.[2]
Small claims proceedings provide a person access to the courts without all the legal costs and hassles of seeking relief in a regular court of law. Ben, 7 Nav. R. at 226. Accordingly, the right of appeal from a small claims judgment is limited. See Williams v. Yazzie, 7 Nav. R. 17, 18 (Nav.Sup.Ct.1992). Rule 20 of the Navajo Rules for Small Claims Proceedings states “[a] party commencing an action as a small claims proceeding waives all right to appeal except that either party may appeal on the sole ground that substantial justice has not been done between the parties according to the rules and principles of substantive law ....” (emphasis added). The rule therefore is clear that there is no right to an appeal except only where “substantial justice has not been done.” This Court thus has discretionary authority to accept or deny an appeal in a small claims action. Ben v. Burbank, 7 Nav. R. 222, 223 (Nav.Sup.Ct.1996). We therefore consider whether Appellant, who has waived her rights to an appeal, has demonstrated that substantial justice was not done according to rules and principles of substantive law before we accept her appeal.
Appellant’s brief fails to demonstrate how substantial justice was not done. Instead, Appellant merely asserts that she was not awarded the full amount of her request. A mere dissatisfaction with a judgment does not meet the requirement that substantial justice was not done. We hereby hold that an appeal from a small claims judgment will be dismissed where an Appellant fails to state grounds that substantial justice has not been done between the parties. Under these circumstances, Appellant’s appeal is denied pursuant to the Court’s discretionary authority.
Ill
Based on the foregoing, the Court hereby DISMISSES the appeal.

. Pursuant to Rule 12(c) of the Navajo Rules of Civil Appellate Procedure, the Court decides this appeal on the appellate record.

. The District Court in its final judgment dealt with both of these claims. Claims for amounts spent on hay were granted in part based on Appellee's admission, and interest sought was also denied for lack of justification. The issues were not raised in Appellant's motion for reconsideration.